UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK A. BROOKS-ALBRECHTSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:16-cv-391-WTL-TAB |
| | ) |
| STATE OF INDIANA *ex rel.* | ) |
| INDIANA SUPREME COURT, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON VARIOUS MOTIONS**

This cause is before the Court on the Plaintiff's motion for reconsideration of this Court's entry regarding jurisdiction (Dkt. No. 39), the Plaintiff's motion for leave to amend his complaint (Dkt. No. 39)[1], and the Defendants' motion to dismiss (Dkt. No. 43). The motions are ripe for review and the Court, being duly advised, rules as follows.

## I. BACKGROUND

On his second application to sit for the Indiana bar examination, the Indiana Board of Law Examiners determined that the Plaintiff was ineligible to sit for the examination. It also prohibited him from reapplying for bar admission until February 2018. The Plaintiff filed a petition with the Indiana Supreme Court seeking review of the Board of Law Examiner's determination, which that court determined was premature. On February 18, 2016, the Plaintiff filed suit in this Court. The Defendants filed a motion to dismiss the Plaintiff's first amended complaint (Dkt. No. 15). Following that motion, the Plaintiff filed a motion for leave to file a

---

[1] As the Defendants noted in their briefing, the Plaintiff's filing is improper. It combines two motions that are not alternative motions. Local Rule 7-1(a) requires that such motions be filed separately. Despite this error, the Court now considers both of the Plaintiff's motions, but cautions the Plaintiff to consult and comply with this Court's local rules prior to future filings.

second amended complaint (Dkt. No. 23). The Court granted the Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 36), and reviewed that complaint to determine whether it had jurisdiction. In its entry regarding jurisdiction (Dkt. No. 38), the Court dismissed for lack of subject matter jurisdiction all of the Plaintiff's claims other than the Plaintiff's claims regarding the constitutionality of the Indiana bar examination and of Indiana Admission and Discipline Rule 2.1, concluding that, pursuant to *Younger v. Harris*, it should abstain from interfering in the ongoing state proceeding regarding the Plaintiff's application to sit for the Indiana bar examination. It further dismissed all defendants other than the State. The Plaintiff first raised his bar examination claims in his second amended complaint and amended his claim regarding Admission and Discipline Rule 2.1 in that complaint. Because the Court simultaneously granted the Plaintiff leave to file his second amended complaint (Dkt. No. 36) and filed its entry regarding jurisdiction, the Defendants had not yet responded to the second amended complaint's allegations regarding the constitutionality of the bar examination and of Admission and Discipline Rule 2.1. The Court directed the State to do so.

Shortly after the Court ordered the State to respond to those allegations, the Plaintiff filed a motion for reconsideration of the Court's entry on jurisdiction and moved for leave to file a third amended complaint (Dkt. No. 39). With the Plaintiff's motions pending, the State filed a motion to dismiss the Plaintiff's claims in his Second Amended Complaint challenging the constitutionality of the bar examination and Admission and Discipline Rule 2.1 (Dkt. No. 43). The Plaintiff filed a notice of partial dismissal, voluntarily dismissing his claims relating to the constitutionality of the bar examination, but reserving the opportunity to respond to the State's motion to dismiss that claim in the event that the Court reconsidered its entry on jurisdiction. *See* Dkt. No. 48 at 2.

## II. RECONSIDERATION OF THE COURT'S ENTRY REGARDING JURISDICTION

Federal Rule of Civil Procedure 59(e) governs motions for reconsideration. Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Specifically, a motion to reconsider is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation and citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The Plaintiff advances three reasons why the Court should reconsider its determination that most of his claims are barred by *Younger* abstention. Each is addressed, in turn, below.

### A. Proceeding is Judicial, Not Legislative

The Plaintiff argues that the proceeding against him before the Board of Law Examiners is legislative in nature rather than judicial, making *Younger* abstention inappropriate. In its entry regarding jurisdiction, the Court clearly explained that the Seventh Circuit had determined that the bar admission process is judicial in nature rather than legislative and that the Supreme Court had determined that attorney disciplinary proceedings are judicial, rather than legislative, proceedings. *See* Dkt. No. 38 at 10 (citing both Seventh Circuit and Supreme Court case law). The Plaintiff argues that challenges to the constitutionality of bar admission rules and procedures have been found to be legislative in nature. Dkt. No. 39 at 3. This Court does not wholly disagree with this general statement: Constitutional challenges to bar admission rules and

procedures that are unrelated to a particular applicant's bar admission application or to a disciplinary proceeding may be legislative in nature. *See District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 479 (1983) (explaining that legislative proceedings "'loo[k] to the future and chang[e] existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power'") (quoting *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226 (1908)). However, the constitutional challenges that the Court dismissed in its entry regarding jurisdiction do not fit that bill. The dismissed claims were tied to an ongoing administrative proceeding and are judicial in nature. *See, e.g.*, *Brown v. Bowman*, 668 F.3d 437, 443 (7th Cir. 2012) (bar admissions application process as judicial process); *Hale v. Comm. on Character and Fitness of the State of Ill.*, 335 F.3d 678, 682 (7th Cir. 2003) (bar admissions process as judicial process); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982) (attorney disciplinary proceeding judicial in nature). The claims, therefore, are part of the type of proceeding that implicates *Younger* abstention.

### B. Challenges to Agency Procedures

The Plaintiff also suggests that some of his dismissed claims should be reinstated because they are challenges to the constitutionality of the Board of Law Examiner's procedures: "'Plaintiff's pre-deprivation hearing ordered under Admission and Discipline Rule 12, Section 5, lacked the requisite sufficient notice to conform with the due process requirements under the Fourteenth Amendment,' ([3d. Am. Compl.] ¶ 88); and 'Plaintiff's post-deprivation hearing notice under Admission and Discipline Rule 12, Section 9, lacked the requisite sufficient notice to conform with the due process requirements under the Fourteenth Amendment,' (*Id.* ¶ 93)." Dkt. No. 39 at 8.

As the Plaintiff notes, these allegations are found in his third amended complaint, which will be discussed below. Paragraph 88 of the third amended complaint, however, is identical to Paragraph 84 of the Plaintiff's second amended complaint. This allegation was considered by the Court in its prior entry regarding jurisdiction. The Plaintiff has provided no reason for the Court to reconsider its decision regarding claims based on this allegation. Although the allegation challenges the constitutionality of a procedure, it does so as applied to the Plaintiff: He alleges that the notice he received regarding his hearing was insufficient. He does not mount a general attack on the constitutionality of a particular rule or procedure. *See, e.g.*, *Hale*, 335 F.3d at 682 (explaining that "[t]he only part of the [*Feldman*] case that was cognizable in the district court was the petitioners' general attack on the constitutionality of the rule requiring applicants for the bar to have graduated from an accredited law school"). The Plaintiff, therefore, would be able to bring that claim, and the as-applied claim he has related to the notice he discusses in Paragraph 93 of the third amended complaint, before the Board of Law Examiners and the Indiana Supreme Court as part of the review process provided by the state's admission and discipline rules. Those fora are fully capable of resolving such claims. *See Middlesex Cty. Ethics Comm.*, 457 U.S. at 437 (abstaining from constitutional challenges raised in state attorney discipline proceeding because "[i]t would trivialize the principles of comity and federalism if federal courts failed to take into account that an adequate state forum for all relevant issues has clearly been demonstrated to be available prior to any proceedings on the merits in federal court," thus reversing appellate court decision); *Hale*, 335 F.3d at 684 (7th Cir. 2003) (affirming district court's dismissal where plaintiff brought "as applied," not "facial challenge to a particular court rule"). Accordingly, these are not the type of claims relating to procedures that would fall outside of *Younger* abstention.

### C. Extraordinary Circumstances

Finally, the Plaintiff argues that an exception to *Younger* abstention exists that would provide this Court with jurisdiction over his dismissed claims. Extraordinary circumstances, constituting an exception to *Younger* abstention, exist when (1) the plaintiff has demonstrated an extraordinarily pressing need for immediate equitable relief to avoid an irreparable injury or (2) the pending state proceeding was motivated by a desire to harass or is conducted in bad faith. *FreeEats.com v. Indiana*, 502 F.3d 590, 596-97 (7th Cir. 2007).

#### *1. Extraordinarily Pressing Need to Avoid an Irreparable Injury*

A plaintiff may show extraordinary circumstances warranting an exception to *Younger* abstention by demonstrating "an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure the plaintiff." *Id.* (internal citations and quotations omitted). Although it is unclear to the Court what specific equitable relief the Plaintiff seeks, it presumes that, at the very least, the Plaintiff seeks to be allowed to apply to sit for the upcoming bar examination. The next bar examination is in February 2018, and, as things stand, it appears that the Plaintiff is eligible to apply for admission to sit for that bar examination. As such, there is no extraordinarily pressing need for immediate equitable relief.

#### *2. Bad Faith*

The Plaintiff also contends that "the pending state proceeding has been conducted in bad faith warranting this Court's jurisdiction."[2] Dkt. No. 39 at 9. He argues bias is shown "from the

---

[2] As the Plaintiff correctly notes, the Defendants, in their brief in support of their motion to dismiss the Plaintiff's first complaint, stated that the Plaintiff did not timely request a hearing or a review of the Board of Law Examiner's actions by the Indiana Supreme Court. *See* 3d. Am. Compl. ¶ 35 (citing Dkt. No. 16 at 6-7). The Defendants later acknowledged that they "h[ad] now been informed that [the] Plaintiff did in fact request a hearing in a timely fashion." Dkt. No. 30 at 3. This change in position, however, is not evidence of bad faith. The Defendants corrected their earlier mistake and attempted to move forward with the hearing process.

previous board hearing in February from [his] First Amendment protected letter to the Honorable Loretta Rush, and the clear bias now that Mr. Skolnik and the Board members have been named in their individual capacities in an amended complaint." Dkt. No. 39 at 5-6. He surmises that "one could only conclude that since the Board [of Law Examiners] is withholding final action, or failing to serve Plaintiff with its decision in order to preclude judicial review, the ongoing state proceedings do not offer an adequate opportunity for review of Plaintiff's constitutional claims because the administrative process has been severely delayed and/or does not otherwise allow the Plaintiff to avert irreparable harm." Dkt. No. 39 at 7.

The Plaintiff indicates that he was provided notice of a hearing scheduled for June 30, 2016. Dkt. No. 39 at 4. The Plaintiff alleges that Board of Law Examiners' counsel, Libby Milliken, contacted him on June 29, 2016, to determine whether he "intend[ed] on withdrawing his request for a hearing." *Id.* at 5. The Plaintiff responded to the inquiry, stating, in part, that he believed that the "hearing cannot save the Board's constitutional violations" and said that the hearing would be "a complete waste of time for me and those expected to attend." *Id.* at 5-6. He also stated that "any action taken by the Board would be futile and meaningless." *Id.* He did not attend a hearing and does not know whether the Board of Law Examiners proceeded with the hearing. *Id.* at 6. He also explains that he "has not received 'specific findings of fact, conclusion and recommendations' as required by Admission and Discipline Rule 12, Section 9." *Id.* As a result, the Plaintiff explains, "[t]he Board currently holds [him] in limbo for the duration of his suspension by failing to issue a final action, precluding judicial review by the Indiana Supreme Court. Or, if the Board did hold a final hearing in Plaintiff's absence, this too holds Plaintiff in limbo for the duration of his suspension by failing to provide Plaintiff with the Board's notice of

7

final action in sufficient time to allow Plaintiff to seek judicial review by the Indiana Supreme Court within the 20 days allotted under Admission and Discipline Rule 14, Section 2." *Id.*

In response, the State argues that the Plaintiff "has delayed the process." Dkt. No. 45 at 7. It states that "if [the] Plaintiff actually attended his hearing, there could then be final agency action which the Indiana Supreme Court's [sic] would be able to review." *Id.* at 9. It further argues that the Court's statement in its prior entry still holds true: "'That the Plaintiff has not heard further from the Board, that he has not received 'final notice' from the Board, simply means that the action is still pending.'" Dkt. No. 45 at 8 (citing Dkt. No. 38 at 10).

The Court is unclear about what has happened in the ongoing state proceeding since the Plaintiff provided his response to being contacted on June 29, 2016, regarding the hearing scheduled for June 30, 2016. Specifically, the Court does not know whether the Board of Law Examiners held a hearing, whether it is proceeding with the post-hearing processes as described in Admission and Discipline Rule 12, or whether it has made or is working on some other determination. Because these questions remain unanswered, the Court requires more information before it can determine whether the bad faith exception to *Younger* abstention applies. Therefore, the Court **GRANTS** the Plaintiff's motion for reconsideration of the Court's entry regarding jurisdiction to the extent that the Court will hold a hearing on the issue of bad faith.

### III. MOTION TO FILE THIRD AMENDED COMPLAINT

Federal Rule of Civil Procedure 15 provides that a party may amend a complaint "with the opposing party's written consent or the court's leave," which "should [be] freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny leave to amend when the amendment would be futile. *Park v. City of Chicago*, 297 F.3d 606, 613 (7th

8

Cir. 2002) (noting that leave to amend may be denied if the amendment is futile).  An amendment is futile when the proposed amended complaint would not survive a motion to dismiss.[3]  *Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 720-21 (7th Cir. 2002); *see also Crestview Vill. Apartments v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (applying motion to dismiss futility standard); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 and n. 3 (7th Cir. 2004) (collecting cases).

The Plaintiff's Third Amended Complaint contains a new cause of action for a violation of the First Amendment.[4]  3d. Am. Compl. ¶¶ 106 - 114.  The Plaintiff asserts that "the Board's two-year suspension was motivated at least in part as a response to the exercise of the Plaintiff's First Amendment right to write a letter to members of the Indiana Supreme Court regarding matters within their control."  *Id.* at ¶ 112.

As the Court has previously indicated, unless an exception exists, the *Younger* abstention doctrine precludes the Court from exercising jurisdiction in ongoing state proceedings such as the proceeding in this case.  *See* Dkt. No. 38 at 7-8.  The new claims asserted by the Plaintiff in

---

[3] Under circumstances not present here, the Seventh Circuit has also defined futility with respect to a proposed amendment failing to survive a motion for summary judgment. *See, e.g.*, *King ex rel. King v. East St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007); *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007) (summary judgment standard applied where motion for leave to amend filed after close of discovery); *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (same).  Defining futility in relation to failing to survive a motion for summary judgment would be inappropriate at this stage of the litigation.

[4] The third amended complaint contains a number of new or substantially altered allegations, *see, e.g.*, ¶¶ 32, 34 - 41, and 93, and makes a number of minor changes to allegations in the second amended complaint, *see, e.g.*, *id.* at ¶ 28 (changing allegation in paragraph from "This is utterly false" to "This is wholly false").  The Plaintiff also adds an additional challenge to the constitutionality of the agency's procedures: "Plaintiff's post-deprivation hearing notice under Admission and Discipline Rule 12, Section 9, lacked the requisite sufficient notice to conform with the due process requirements under the Fourteenth Amendment."  *Id.* at ¶ 93.

his third amended complaint would be subject to *Younger* abstention, making the third amended complaint futile.

However, as explained in greater detail above, the Court needs additional information to determine whether extraordinary circumstances exist that would warrant an exception to abstention. As a result, the Court cannot determine at this time whether the Plaintiff's amendment would be futile. Because leave to amend "should [be] freely give[n]," Fed. R. Civ. P. 15(a)(2), the Plaintiff's motion for leave to file a third amended complaint is **GRANTED**.

## IV. CONCLUSION

The Plaintiff's motion for leave to file the third amended complaint (Dkt. No. 39) is **GRANTED**. The Defendants' motion to dismiss (Dkt. No. 43) is, therefore, **DENIED AS MOOT**. The Defendants need not respond to the third amended complaint until 14 days after the Court's ruling on the bad faith issue, and the **CLERK IS DIRECTED** to file the third amended complaint found at Dkt. No. 39-1.[5] The Plaintiff's motion for reconsideration (Dkt. No. 39) is **GRANTED** to the extent that the Court will reconsider whether *Younger* abstention applies in light of the Plaintiff's argument that the Board of Law Examiners is acting in bad faith by "failing to serve [the] Plaintiff with its decision in order to preclude judicial review." Dkt. No. 39 at 7.

A hearing is set for **Thursday, October 26, 2017, at 10:00 a.m.**, in Room 202, United States Courthouse, 46 E. Ohio St., Indianapolis, Indiana, on the issue of whether the bad faith

---

[5] Assuming the Defendants' move to dismiss the third amended complaint on the same grounds, the Plaintiff will have an opportunity to address the Defendants' arguments regarding the constitutionality of the bar examination. Dkt. No. 48 at 2 ("Plaintiff voluntarily dismisses his claims relating to the constitutionality of the bar exam from his Second Amended Complaint . . . . However, if this Court reverses course upon review of Plaintiff's Motion for Reconsideration and decides that his claims may proceed, Plaintiff would like to reinstate this claim and have an opportunity to respond to Defendants' Motion to Dismiss).

exception to *Younger* abstention applies.  The Defendants shall be prepared to provide testimony regarding the status of the state proceeding throughout the period from June 29, 2016, through this Court's October 26, 2017, hearing.  The Plaintiff shall be prepared to explain to the Court the specific equitable relief that he will seek if his claims are allowed to proceed.  The Court has set aside two hours for the hearing.  If any party believes more time is needed, it should file a notice with the Court within seven days of the date of this Entry.  On or before **Thursday, October 12, 2017**, the parties shall file lists of the witnesses and exhibits they intend to present at the hearing.

SO ORDERED: 9/21/17

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution to all registered counsel by electronic notification via CM/ECF